FILED

MAR - 2 2012

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SPECIAL MARKETS INSURANCE
CONSULTANTS, INC., a Wisconsin
Corporation

                Plaintiff,

    v.

KENT LYNCH and JOANNA LYNCH a/k/a
JOANNA BARTLEY,

                Defendants.

Civil Action No. 2011 CV 09181

Judge Sharon Johnson Coleman

Magistrate Judge Brown

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SMIC'S THIRD-PARTY SUBPOENAS PURSUANT TO RULE 45(c)(3) OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER PURSUANT TO RULE 26(c)(1)(A)

      Defendants Kent Lynch and Joanna Lynch a/k/a Joanna Bartley (collectively

"Defendants") move this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 45(c), to

quash two of Plaintiff Special Markets Insurance Consultants, Inc.'s ("SMIC") four third-party

subpoenas, as set forth below. To the extent that, for a particular subpoena, this motion would be

more appropriately styled as one for a protective order preventing SMIC access to the third party

pursuant to Rule 26(c), Defendants hereby move accordingly.

## I.    INTRODUCTION

      As has been its habit in this case, SMIC continues to conduct discovery hastily and

without regard to the Federal Rules. SMIC's behavior is no different here. On February 16,

2012, SMIC sent Rule 45 document subpoenas by certified mail to third parties Yahoo!, Inc. and

Verizon Wireless (collectively "the SMIC subpoenas"). A copy of the SMIC subpoenas are

attached as Exhibit A. These SMIC subpoenas are improper because (1) the SMIC subpoenas

seek discovery that subject third parties to undue burden, are overbroad, and will unnecessarily

and improperly provide SMIC with potential confidential and personal information in violation
of Rule 45(c)(3)(A)(iii) and (iv); (2) with respect to at least the Yahoo! subpoena, violates the
Electronic Communications Privacy Act, 18 U.S.C. § 2701 et seq., ("ECPA"); (3) SMIC did not
serve notice of the subpoenas on Defendants before serving the subpoenas on the third parties, as
required by Rule 45(b)(1); and (4) the SMIC subpoenas are invalid on their face for being issued
from the wrong court and jurisdiction in violation of Rule 45(a)(2)(C). Any one of these grounds
is sufficient to quash the subpoenas pursuant to Rule 45(c)(3), or in the alternative to modify the
subpoenas with a protective order pursuant to Rule 26(c)(1)(A).

## II. ARGUMENT

### A. The SMIC Subpoenas Subject Third Parties to Undue Burden and are Overbroad, Encompassing Privileged and Irrelevant Information

Rule 26(c)(1) allows a court to prohibit discovery so "to protect a party or person from
annoyance, embarrassment, oppression, or undue burden, or expense." Rule 45(c)(3) requires a
court to "quash or modify a subpoena that . . . subjects a person to undue burden." Courts
conduct a balancing test to determine the reasonableness of a subpoena by weighing the
relevance of the discovery sought, the requesting party's need, and the potential hardship to the
party subject to the subpoena. *See Mannington Mills, Inc. v. Armstrong World Inds., Inc.*, 206
F.R.D. 525, 528 (D. Del. 2002); *Anker v. G.D. Searle & Co.*, 126 F.R.D. 515, 518 (M.D.N.C.
1989) (stating that the court "weighs the need for discovery by the requesting party and the
relevance of the discovery to the case against the harm to the other party.") Under this balancing
test, the SMIC subpoenas should be quashed by this Court because the scope of the discovery
requested creates an undue burden and expense on Yahoo! and Verizon. Furthermore, the SMIC
subpoenas are intrusive to the privacy of the Defendants and third parties, and request irrelevant
information. Each of these reasons justifies the relief requested herein.

2

### a. The SMIC Subpoenas Unduly Burden Yahoo! and Verizon

The subpoena to Yahoo! requests not only documents, but information pertaining to the e-mail accounts of each defendant. Such information includes: the length of account service, account start and end dates, subscriber number or other identification number, e-mail account names, and a list of all contacts for these accounts. In addition, the Yahoo! subpoena requests complete e-mail records, including contents and attachments, for each of the defendants from September 1, 2010 to date. Ex. A, p. 4. The subpoena to Verizon requests the names of the account holders, length of account service, including all start and end dates, subscriber number or other identification number, and account holder's telephone numbers for each of the defendants. The accounts include both telephone numbers the Defendants used while employed at SMIC, and their own personal telephone numbers. The Verizon subpoena also requests "voice and text message unit details" for the telephone numbers for the period of January 1, 2012 to date. Ex. A. p. 10. Not only do the SMIC subpoenas require the production of existing documents, but it is believed that full compliance would require these third parties to create documents that do not exist at this time to provide the requested information.

### b. The SMIC Subpoenas Request Information That is Confidential, Privileged, and Irrelevant to This Lawsuit

The Yahoo! subpoena requests "the complete e-mail records, including electronic messages, e-mail contents, and any attachments to any email . . . from . . . September 1, 2010 to date" for Defendants' personal e-mail accounts. Ex. A, p. 4. Such a request includes more than fifteen months of communications that would include personal e-mails to third parties, as well as communications subject to the attorney client privilege and/or work-product doctrine. What is even more egregious is the fact that SMIC's subpoena to Yahoo! encompasses post-termination

3

communications of Joanna Lynch, which are completely irrelevant as she is not subject to a non-compete agreement.

The Verizon subpoena requests voice and text message unit details from January 1, 2012 to date, not only for the telephone numbers that the Defendants previously used for SMIC business, but also for their home number and any personal numbers.[1]  Ex. A, p. 10.  The telephone numbers of parties with whom the Lynches have communicated is private information to which SMIC is not entitled.  Defendants reiterate, Joanna Lynch's employment agreement does not contain a non-competition clause.  Clearly, SMIC is using these subpoenas in an attempt to gain access to Joanna Lynch's list of new customers and potential customers, perhaps so that SMIC can then approach these same parties.

Not only does the burden and expense to Yahoo! and Verizon far outweigh any potential benefit to SMIC at this time, but the potential for access to confidential, privileged, and/or irrelevant material is great.  Because SMIC's subpoenas violate the Federal Rules, and to protect the Defendants and third parties such as Yahoo! and Verizon from annoyance, embarrassment, oppression, undue burden, and undue expense, this Court should quash, invalidate, or otherwise order SMIC to withdraw the SMIC subpoenas.

### B.  SMIC's Yahoo! Subpoena Violates the Electronic Communications Privacy Act

SMIC's Yahoo! subpoena violates the ECPA.  The ECPA unequivocally "prohibits an electronic communication service . . . from . . . knowingly divulging to any person or entity the contents of customers' electronic communications." 18 U.S.C. § 2702(a)(1); *see also, In re*

---

[1] In a letter dated February 28, 2012 ("Feb. 28 Letter"), Steven Laduzinsky, counsel for the SMIC, alleges that the subpoena requests to Verizon will not implicate any privacy or confidentiality issues because the subpoena requests only unit details for incoming and outgoing phone calls and text messages, and that no information as to the contents of any communication will be provided.  Ex. B.  However, our objection remains unchanged as SMIC did not define "unit details" in the subpoena.  If Mr. Laduzinsky wanted only the date, time, origin, and recipient of a call or text message, he could have specified that in his subpoena as he did in his Feb. 28 Letter.

*Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 609-10 (E.D. Va. 2008) (upholding

magistrate's decision to quash civil subpoena to an internet service provider requesting

production of emails). The ECPA defines "electronic communication service" as "any service

which provides the users thereof the ability to send or receive wire or electronic

communications." 18 U.S.C. § 2510(15). Courts have concluded that "'electronic

communication service' encompasses internet service providers as well as telecommunications

companies whose lines carry internet traffic." *Dyer v. Nw. Airlines Corps.*, 334 F. Supp. 2d

1196, 1199 (D.N.D., 2004) (*citing In re DoubleClick, Inc. Privacy Litig.*, 154 F. Supp. 2d 497,

511, n. 20 (S.D.N.Y., 2001)). Moreover, the ECPA "does not include an exception for the

disclosure of electronic communications pursuant to civil discovery subpoenas." *Duces Tecum*,

550 F. Supp. 2d at 611. Because SMIC's Yahoo! subpoena violates the ECPA, this Court should

quash, invalidate, or otherwise order SMIC to withdraw the Yahoo! subpoena.

### C. The SMIC Subpoenas Violate Rule 45(b)(1) and Rule 45(a)(2)(C)

The language of the last sentence of Rule 45(b)(1) is clear: "If the subpoena commands

the production of documents, electronically stored information, or tangible things or the

inspection of premises before trial, then *before it is served, a notice must be served on each

party*." (emphasis added).

SMIC failed to follow even this simple rule. As shown in the Certificates of Service that

are part of Ex. A, p. 6 and p. 12, SMIC mailed copies of the subpoenas to Defendants' counsel

on the same date that SMIC sent the subpoenas to the third parties by certified mail. Thus,

Defendants' counsel were denied their full time "to object to the production or inspection, or to

serve a demand for additional documents or things." Fed. R. Civ. P. 45 advisory committee's

note. The advisory committee notes explain "[f]ormer Rule 45(b)(1) required 'prior notice' to

each party of any commanded production of documents and things or inspection of premises.

Courts have agreed that notice must be given 'prior' to the return date, and have tended to

converge on an interpretation that requires notice to the parties before the subpoena is served on

the person commanded to produce or permit inspection. That interpretation is adopted in

amended Rule 45(b)(1) to give clear notice of general present practice." Fed. R. Civ. P. 45

advisory committee's note. Even when provided with this "clear notice of general present

practice," SMIC failed to comply.

Moreover, pursuant to Rule 45(a)(2)(C) a subpoena "for production or inspection, if

separate from a subpoena commanding a person's attendance, [must issue] from the court for the

district where the production or inspection is to be made." Again, SMIC failed to adhere to the

Federal Rules. Because SMIC sought to have its document production at its own offices in

Chicago, Illinois, SMIC's counsel issued its subpoenas from the Northern District of Illinois.

However, both Yahoo! Legal Department and Verizon Legal Compliance are not located in the

Northern District of Illinois. Rather, Yahoo! Legal Department is located well over 100 miles

away in Sunnyvale, California, and Verizon Legal Compliance is located well over 100 miles

away in San Angelo, Texas. Without sufficient minimum contacts with the Northern District of

Illinois, the SMIC subpoenas are procedurally defective and should be quashed on this basis

alone. *See, e.g., Crafton v. U.S. Specialty Ins. Co.*, 218 F.R.D. 175, 176-77 (E.D. Ark. 2003)

(denying motion to compel document discovery in subpoena on the basis that "a court cannot

order a non-party located outside its jurisdiction to produce documents to plaintiff's counsel's

office located within a court's jurisdiction"); *Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 624

(5th Cir. 1973) (refusing to require production of documents requested in a subpoena because

"there is authority that under traditional notions of power and jurisdiction, a court cannot order

production of records in the custody and control of a non-party located in a foreign judicial district").

If SMIC wanted to inspect any Yahoo! or Verizon documents, SMIC should have properly issued its subpoena from Yahoo!'s and Verizon's respective jurisdictions and designated a location for the document discovery that is no more than 100 miles from Yahoo!'s and Verizon's respective locations. SMIC could have easily done this, and this Court should not adopt a practice of forcing third parties like Yahoo! and Verizon to endure the extra hardships of responding to subpoenas served outside of their district. *See, e.g., Echostar Comm. Corp. v. The News Corp.*, 180 F.R.D. 391, 396-97 (D. Colo. 1998) (quashing subpoenas and stating that "simply because this Court has jurisdiction over the non-parties does not make this Court the most appropriate forum for either issuance or enforcement of subpoenas"). Accordingly, the convenience of SMIC's counsel in Chicago, Illinois should be secondary to the convenience of the non-parties, such as Yahoo! and Verizon.

It is therefore requested that this Court consider Plaintiff's lack of compliance with the Federal Rules, both with respect to Rule 45(b)(1) and Rule 45(a)(2)(C), and with respect to the other Rules and statue as set forth above, in formulating the relief requested herein.[2]

## D. SMIC's Reckless Strategy Warrants Remedy

The Yahoo! and Verizon subpoenas are burdensome and violate the Federal Rules and forced the Defendants to expend both time and money that need not have been spent. Furthermore and most importantly, it diverted – most likely deliberately – the efforts of both Defendants and Defendants' counsel from other efforts to move the case forward.

---

[2] It is also worth noting that SMIC did not properly notice two other subpoenas sent by SMIC in this matter. As indicated by the subpoenas and the letter in Exhibit C, notice was not sent to Defendants until seven days after the subpoenas had been sent to the third parties.

Violations of Rule 45 that prejudice a party may give rise to sanctions. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 476 F. Supp. 2d 913, 928 (N.D. Ill. 2007) (ordering sanctions on plaintiff that served third party subpoenas without properly noticing those subpoenas to the defendants), *sanctions order aff'd by Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 387 (7th Cir. 2008). "In determining prejudice, the Court considers the period of delay in providing notice, any pattern of noncompliance with rules of procedure, the conduct of the serving party if documents were obtained after untimely notice, and whether the subpoena is otherwise objectionable." *Judson Atkinson Candies*, 476 F. Supp. 2d at 929. Here, SMIC has recklessly ignored the Federal Rules. Moreover, SMIC's subpoenas are otherwise objectionable for all of the reasons outlined above, which Defendants' counsel advised SMIC's counsel of prior to filing this motion. Ex. B, p. 1. Because SMIC has prejudiced Defendants with its behavior, this Court should require SMIC to bear Defendants' fees and costs for at least the present motion.

## III.    CONCLUSION

Both SMIC's counsel and Defendants' counsel have conferred by written correspondence and were unable to resolve this issue. Therefore, for the reasons set forth above, the SMIC subpoenas should be quashed or ordered withdrawn. A proposed order is being submitted herewith for the Court's convenience.

Respectfully submitted,

March 2, 2012

Michael H. Baniak
  *baniak@mbhb.com*
Sandra B. Weiss
  *weiss@mbhb.com*
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive, Suite 3100
Chicago, Illinois  60606
(312) 913-0001  Telephone
(312) 913-0002  Facsimile

*Counsel for Kent Lynch and Joanna Lynch a/k/a
Joanna Bartley*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| SPECIAL MARKETS INSURANCE CONSULTANTS, INC., a Wisconsin Corporation<br><br>          Plaintiff,<br><br>  v.<br><br>KENT LYNCH and JOANNA LYNCH a/k/a JOANNA BARTLEY,<br><br>          Defendants. | Civil Action No. 2011 CV 09181<br><br>FILED ELECTRONICALLY<br><br>PROPOSED ORDER |

**THIS MATTER** having come before the Court on Notice of Motion by Defendants to quash Plaintiff Special Markets Insurance Consultants, Inc.'s two Federal Rule of Civil Procedure 45 subpoenas, dated February 16, 2012, or in the alternative for a protective order prohibiting Plaintiff Special Markets Insurance Consultants, Inc. from serving its Rule 45 subpoenas, and the Court having considered the submissions of counsel, and for good cause shown;

**IT IS,** on this _____ day in _____ of 2012,

**ORDERED**, pursuant to Federal Rule of Civil Procedure 45(c), that Plaintiff Special Markets Insurance Consultants, Inc.'s subpoenas to Yahoo!, Inc. and Verizon Wireless are quashed, invalidated, or otherwise withdrawn; and

**ORDERED** that Plaintiff Special Markets Insurance Consultants, Inc. reimburse Defendants for the reasonable attorneys' fees and costs that were incurred as a result of the present motion.

_____
Hon. Sharon Coleman U.S.D.J.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2012, a copy of the foregoing was served via electronic mail, and via the ~~Court's electronic filing system~~ *regular mail*, on the following attorneys of record:

Steven M. Laduzinsky
 sladuzinsky@laduzinzky.com
Neil S. Goldsmith
 ngoldsmith@laduzinsky.com
LADUZINSKY & ASSOCIATES, P.C.
216 S. Jefferson Street, Suite 301
Chicago, Illinois 60661
(312) 424-0700 Telephone
(312) 424-2646 Facsimile

/s/
Michael H. Baniak (baniak@mbhb.com)
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 S. Wacker Drive, Suite 3100
Chicago, Illinois 60606-6709
(312) 913-0001 Telephone
(312) 913-0002 Facsimile

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPECIAL MARKETS INSURANCE CONSULTANTS, INC., a Wisconsin Corporation | Civil Action No. 2011 CV 09181 |
| Plaintiff, | Judge Sharon Johnson Coleman |
| v. | Magistrate Judge Brown |
| KENT LYNCH and JOANNA LYNCH a/k/a JOANNA BARTLEY, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SMIC'S
THIRD-PARTY SUBPOENAS PURSUANT TO RULE 45(c)(3) OR IN THE
ALTERNATIVE FOR A PROTECTIVE ORDER PURSUANT TO RULE 26(c)(1)(A)**

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Special Markets Insurance Consultants, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 11-cv-9181 |
| Kent Lynch and Joanna Lynch a/k/a Joanna Bartley | ) |
| *Defendant* | ) (If the action is pending in another district, state where: |
| | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Yahoo Legal Department
701 First Avenue, Sunnyvale, CA 94089

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED SUBPOENA RIDER

| Place: Laduzinsky & Associates, P.C.<br>216 S. Jefferson Street, Suite 301<br>Chicago, Illinois 60661 | Date and Time:<br><br>03/08/2012 5:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___02/16/2012___

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Neil Goldsmith* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
Special Markets Insurance Consultants, Inc. _____, who issues or requests this subpoena, are:
Neil S. Goldsmith (ngoldsmith@laduzinsky.com)
Laduzinsky & Associates, P.C., 216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661
(312) 424-0700

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  11-cv-9181

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Yahoo Legal Department

was received by me on *(date)*   02/16/2012 .

☑ I served the subpoena by delivering a copy to the named person as follows:   Yahoo Legal Department,

701 First Avenue, Sunnyvale CA 94089, via certified mail return receipt requested

Receipt No. 7011 0470 0000 8694 8463                on *(date)*                      ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$          40.00          .

My fees are $                  for travel and $                  for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:     02/16/2012

_____
*Server's signature*

Neil S. Goldsmith, Attorney
*Printed name and title*

216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Special Markets Insurance Consultants v. Lynch**
**Case No. 11-cv-9181**

To:     Yahoo Legal Department
        701 First Avenue
        Sunnyvale, CA 94089

### SUBPOENA RIDER

1. Provide the length of account service, including all start and end dates, subscriber or other identification number, and account holder's email account names for the following account holder(s):

        A.  Joanna Lynch
           16005 4th St. East
           Redington Beach, FL 33708
           SSN: 312-78-XXXX
           DOB: 04/1968

        B.  jl.lynch@yahoo.com

        C.  Kent Lynch
           16005 4th St. East
           Redington Beach, FL 33708
           SSN: 317-76-XXXX
           DOB: 11/1960

        D.  Lynch_Kent@yahoo.com

        E.  Kentlynch1960@yahoo.com

2. For any account holders identified in Paragraph 1 above, provide the complete e-mail records, including electronic messages, e-mail contents, and any attachments to any email, which was sent from or received by any account holders identified in Paragraph 1 above from September 1, 2010 to date.

3. For any account holder(s) identified in Paragraph 1 above, provide a list of all contacts, or any information stored in any "contacts" folder or similar directory or subdirectory.

4. Provide an Affidavit certifying that your compliance with this Subpoena is true, accurate and complete.

## COMPLIANCE WITH SUBPOENA

The attached subpoena, by Federal law, requires you and/or your organization to produce your records on or before March 8, 2012 at the offices of Laduzinsky & Associates, P.C., 216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661.

Deponent:    Yahoo

Re:    Kent and Joanna Lynch

Your actual appearance will be waived if the requested documents are mailed by certified or registered mail, or delivered to our offices three days prior to the date due or if you find that none are to be found and inform us so by that date.

Please sign and date this form and return it to us with your records and a copy of this subpoena. If the anticipated charge is more than the $40.00 enclosed, please contact Laduzinsky & Associates, P.C. prior to incurring any additional expense.

## AFFIDAVIT OF COMPLIANCE

The undersigned certifies under penalties of perjury as provided by law pursuant to 28 U.S.C. § 1746 that the statement checked below is true and correct.

Check one:

(    )    After making a diligent search of all the records in our possession or control, I certify that the only records we have on the above are submitted herewith in response to this Subpoena.

(    )    After making a diligent search of any and all records, I certify there are no records to provide in response to this Subpoena.

Date: _____

_____
Signature

_____
Printed Name

_____
Title

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused a true and correct copy of the attached **Subpoena to Yahoo Legal Department** to be served upon the following:

> Daniel Boehnen
> Michael Baniak
> McDonnell Boehnen Hulbert & Bergoff, LLP
> 300 South Wacker Drive
> Chicago, Illinois 60606-6709

via First Class Mail, postage prepaid, this 16th day of February 2012.

Neil Goldsmith

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Northern District of Illinois

| | |
|---|---|
| Special Markets Insurance Consultants, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Kent Lynch and Joanna Lynch a/k/a Joanna Bartley | ) |
| *Defendant* | ) |

Civil Action No.   11-cv-9181

(If the action is pending in another district, state where:
                                                                                  )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Verizon Legal Compliance, Custodian of Record
       TXD01613, P.O. Box 1001, San Angelo, TX 76902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:  SEE ATTACHED SUBPOENA RIDER

| Place: Laduzinsky & Associates, P.C. 216 S. Jefferson Street, Suite 301 Chicago, Illinois 60661 | Date and Time: 03/08/2012 5:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:    02/16/2012

CLERK OF COURT

                                                                        OR    *Neil Goldsmith*

_____                    _____
*Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Plaintiff
Special Markets Insurance Consultants, Inc.                                , who issues or requests this subpoena, are:
Neil S. Goldsmith (ngoldsmith@laduzinsky.com)
Laduzinsky & Associates, P.C., 216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661
(312) 424-0700

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-cv-9181

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Verizon Legal Compliance

was received by me on *(date)*    02/16/2012   .

☑ I served the subpoena by delivering a copy to the named person as follows:    Verizon Legal Compliance,

TXD01613, P.O. Box 1001, San Angelo, TX 76902, via certified mail return receipt requested

Receipt No. 7011 0470 0000 8694 8470                        on *(date)*                       ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$            40.00           .

My fees are $                       for travel and $                      for services, for a total of $        0.00      .

I declare under penalty of perjury that this information is true.

Date:       02/16/2012

_____
*Server's signature*

Neil S. Goldsmith, Attorney
*Printed name and title*

216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Special Markets Insurance Consultants v. Lynch**
**Case No. 11-cv-9181**

To:     Verizon Legal Compliance
        Custodian of Record
        TXD01613
        P.O. Box 1001
        San Angelo, TX 76902

## SUBPOENA RIDER

1. Provide the names of the account holders, length of account service, including all start and end dates, subscriber or other identification number, and account holder's telephone numbers for the following account holder(s):

> A. Joanna Lynch
>    16005 4th St. East
>    Redington Beach, FL 33708
>    SSN: 312-78-XXXX
>    DOB: 04/1968
>
> B. Kent Lynch
>    16005 4th St. East
>    Redington Beach, FL 33708
>    SSN: 317-76-XXXX
>    DOB: 11/1960
>
> C. Telephone Number (877) 397-0828
>
> D. Telephone Number (727) 397-0836
>
> E. Telephone Number (727) 397-0825

2. For any telephone numbers identified in Paragraph 1 above, and for any telephone numbers associated with the individuals identified in Paragraph 1 above, provide any and all outgoing voice and text message unit details for the period of January 1, 2012 to date.

3. For any telephone numbers identified in Paragraph 1 above, and for any telephone numbers associated with the individuals identified in Paragraph 1 above, provide any and all incoming voice and text message unit details for the period of January 1, 2012 to date.

4. Provide an Affidavit certifying that your compliance with this Subpoena is true, accurate and complete.

## COMPLIANCE WITH SUBPOENA

The attached subpoena, by Federal law, requires you and/or your organization to produce your records on or before March 8, 2012 at the offices of Laduzinsky & Associates, P.C., 216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661.

Deponent:  Verizon

Re:  Kent and Joanna Lynch

Your actual appearance will be waived if the requested documents are mailed by certified or registered mail, or delivered to our offices three days prior to the date due or if you find that none are to be found and inform us so by that date.

Please sign and date this form and return it to us with your records and a copy of this subpoena. If the anticipated charge is more than the $40.00 enclosed, please contact Laduzinsky & Associates, P.C. prior to incurring any additional expense.

## AFFIDAVIT OF COMPLIANCE

The undersigned certifies under penalties of perjury as provided by law pursuant to 28 U.S.C. § 1746 that the statement checked below is true and correct.

Check one:

( )  After making a diligent search of all the records in our possession or control, I certify that the only records we have on the above are submitted herewith in response to this Subpoena.

( )  After making a diligent search of any and all records, I certify there are no records to provide in response to this Subpoena.

Date: _____

_____
Signature

_____
Printed Name

_____
Title

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused a true and correct copy of the attached **Subpoena to Verizon Legal Compliance** to be served upon the following:

Daniel Boehnen
Michael Baniak
McDonnell Boehnen Hulbert & Bergoff, LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

via First Class Mail, postage prepaid, this 16th day of February 2012.

Neil Goldsmith

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPECIAL MARKETS INSURANCE CONSULTANTS, INC., a Wisconsin Corporation | Civil Action No. 2011 CV 09181 |
| Plaintiff, | Judge Sharon Johnson Coleman |
| v. | |
| KENT LYNCH and JOANNA LYNCH a/k/a JOANNA BARTLEY, | Magistrate Judge Brown |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SMIC'S
THIRD-PARTY SUBPOENAS PURSUANT TO RULE 45(c)(3) OR IN THE
ALTERNATIVE FOR A PROTECTIVE ORDER PURSUANT TO RULE 26(c)(1)(A)**

# EXHIBIT B



**McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive     312 913 0001 phone
Chicago, Illinois 60606-6709    312 913 0002 fax
www.mbhb.com

February 24, 2012

<u>VIA EMAIL: SLADUZINSKY@LADUZINSKY.COM</u>

Steven M. Laduzinsky, Esq.
Laduzinsky & Associates, P.C.
216 S. Jefferson Street, Suite 301
Chicago, Illinois 60661

Re:    Special Markets Insurance Consultants, Inc. v. Kent Lynch and
       Joanna Lynch a/k/a Joanna Bartley
       U.S. District Court, Northern District of Illinois, Case No. 2011 cv 09181

Dear Mr. Laduzinsky:

This letter is to provide Plaintiff with an opportunity to withdraw its Federal Rule of Civil Procedure ("FRCP") 45 subpoenas Plaintiff's firm served to Yahoo!, Inc. and Verizon Wireless ("Plaintiff's subpoenas") on February 16, 2012.

FRCP 26(c)(1) allows a court to prohibit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden, or expense." FRCP 45(c)(3) requires a court to "quash or modify a subpoena that . . . subjects a person to undue burden." Because Plaintiff's subpoenas are unlawful and violate the FRCP, we have both reason and authority to obtain a protective order nullifying Plaintiff's subpoenas, or a court order quashing Plaintiff's subpoenas.

Not only do Plaintiff's subpoenas impose oppression, undue burden, and undue expense on both Yahoo!, Inc. and Verizon Wireless, but Plaintiff's subpoenas are intrusive to the privacy of our clients and third parties. In fact, Plaintiff's subpoena requests are so broad it is clear Plaintiff made no attempt to mitigate these privacy issues.

The Electronic Communications Privacy Act, 18 U.S.C. § 2701 et seq., ("ECPA") unequivocally "prohibits an electronic communication service . . . from . . . knowingly divulging to any person or entity the contents of customers' electronic communications." 18 U.S.C. § 2702(a)(1); *see also, In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 609-10 (E.D. Va. 2008) (upholding magistrate's decision to quash civil subpoena to an internet service provider requesting production of emails). The ECPA defines "electronic communication service" as "any service which provides the users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). Courts have concluded that "'electronic communication service' encompasses internet service providers as well as telecommunications companies whose lines carry internet traffic." *Dyer v. Nw. Airlines Corps.*, 334 F.Supp.2d 1196, 1199 (D.N.D., 2004) (*citing In re DoubleClick, Inc. Privacy Litig.*, 154 F.Supp.2d 497, 511, n. 20 (S.D.N.Y., 2001)). Moreover, the ECPA "does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas." *Duces Tecum*, 550 F.Supp.2d at 611.

Moreover, FRCP 26(b)(2)(C) mandates that a court must limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or that "the burden or expense of the proposed discovery outweighs its likely benefit."

Here, Plaintiff's firm obtained temporary possession of Defendants' laptop and desktop computers for forensic inspection on Tuesday, February 14. To date, Plaintiff has not identified any deficiencies in its inspection; indeed, it is possible that Plaintiff has not even completed its inspection. Given that Plaintiff has not yet determined what electronic messages, e-mail contents, and/or e-mail attachments ("electronic communications") it currently has in its possession, Plaintiff's subpoenas are unreasonable. One can easily imagine a situation in which Yahoo!, Inc. endures much burden and expense collecting and producing e-mail contents etc. to Plaintiff, including producing irrelevant documents to satisfy Plaintiff's vastly overbroad and irrelevant requests, following which Plaintiff discovers it already had them in its possession.

Plaintiff also has failed to tailor its requests with respect to Yahoo!, Inc. and Verizon Wireless at all. For example, in Plaintiff's subpoena to Yahoo!, Inc., Plaintiff requests "the complete e-mail records, including electronic messages, e-mail contents, and any attachments to any email from . . . September 1, 2010 to date." Such a request

includes more than fifteen months of electronic communications that likely include personal e-mails to third parties, and may include communications subject to the attorney client privilege. What is even more egregious is the fact that Plaintiff's subpoena to Yahoo!, Inc. includes Joanna Lynch, whose electronic communications following her termination by Plaintiff are completely irrelevant as she is not subject to a non-compete agreement.

In Plaintiff's subpoena to Verizon Wireless, Plaintiff requests, for example, "any and all incoming voice and text message unit details for the period of January 1, 2012 to date," raising the exact same confidentiality and privilege issues as those in the subpoena to Yahoo!, Inc. Once again, Plaintiff egregiously includes Joanna Lynch in its subpoena to Verizon Wireless despite knowing Joanna was employed by Plaintiff only three days (January 1, 2012 through January 3, 2012) during the time of interest. In this light, not only does the burden and expense to Yahoo!, Inc. and Verizon Wireless far outweigh any potential benefit to Plaintiff at this time, but the potential for access to confidential, privileged, and/or irrelevant material is great.

Once again, Defendants, in good faith, remain open to cooperation with Plaintiff to resolve this matter without court action. The failure of Plaintiff to cooperate in this matter will, however, result in a motion by Defendants to quash or nullify Plaintiff's subpoenas pursuant to FRCP 26 and/or FRCP 45. The latter will only serve to prolong this litigation with even more motions and correspondence.


Sincerely,

*Sandra B. Weiss*

Sandra B. Weiss
312.913.3362
weiss@mbhb.com


cc: Michael H. Baniak



# Laduzinsky & Associates, P.C.

216 South Jefferson Street | Suite 301 | Chicago, IL 60661-5743
Phone: 312-424-0700 | Fax: 312-424-2646

Steven M. Laduzinsky
sladuzinsky@laduzinsky.com

February 28, 2012

**VIA E-MAIL AND FACSIMILE**

Ms. Sandra B. Weiss
McDonnell Boehnen Hulbert & Bergoff, LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

Re: Special Markets Insurance Consultants, Inc. v. Kent Lynch and Joanna Lynch
Case No. 11-cv-9181

Dear Ms. Weiss:

I am writing in response to your letter dated February 24, 2012 regarding the subpoenas issued to Yahoo! and Verizon Communications, Inc. ("Verizon")

As to the Federal Rule of Civil Procedure 45 subpoena issued to Yahoo!, Inc., this subpoena was issued only to ensure that Yahoo! undertakes the steps necessary to preserve the requested emails and other information stored in the identified e-mail accounts. As you are aware, and despite your contention, the desktop and laptop computers just recently turned over to our forensic computer examiner do not retain or maintain e-mails that are stored on Yahoo!'s server. As various internet e-mail providers maintain different records retention periods and document classifications for subscribers' e-mails, the subpoena was issued to preserve the requested documents. To ease your concerns that the documents will be produced by Yahoo!, our office on behalf of Special Markets Insurance Consultants, Inc. is agreeable to contact Yahoo! in writing to advise it to preserve, but not produce, the requested documents. While your letter indicates that you believe that the more appropriate method to obtain the documents is through a document request to your clients, which has been served already, your letter does not state that your clients will be producing such e-mails. As such, it is appropriate to request Yahoo! to preserve the requested documents.

With regard to the Federal Rule of Civil Procedure 45 subpoena served on Verizon, we disagree with your analysis of the Electronic Communications Privacy Act ("the Act"), 18 U.S.C. § 2701 *et seq.*,. This subpoena requests only unit details for incoming and outgoing phone calls and text messages. Under the Act, "'contents,' when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or

Ms. Sandra Weiss
February 28, 2012
Page 2

meaning of that communication." 18 U.S.C. § 2510 (8). The unit details requested in the subpoena to Verizon will reveal only the date, time, origin and recipient of a call or text message. They will provide no information as to the contents of any communication as defined by the Act. For the same reasons, the response to our subpoena request will not implicate any confidentiality or privilege issues.

Additionally, we believe that the documents requested in the subpoena to Verizon are reasonable and will not cause undue burden or expense on Verizon Wireless considering that the subpoena is limited to communications made after January 1, 2012 and related to telephone numbers used and paid for Special Market's business operations..

If you have any questions or would like to discuss this matter in more detail, please do not hesitate to contact me.

Very truly yours,

Steven M. Laduzinsky

cc:    Kim Walker

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPECIAL MARKETS INSURANCE CONSULTANTS, INC., a Wisconsin Corporation | Civil Action No. 2011 CV 09181 |
| Plaintiff, | Judge Sharon Johnson Coleman |
| v. | Magistrate Judge Brown |
| KENT LYNCH and JOANNA LYNCH a/k/a JOANNA BARTLEY, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SMIC'S
THIRD-PARTY SUBPOENAS PURSUANT TO RULE 45(c)(3) OR IN THE
ALTERNATIVE FOR A PROTECTIVE ORDER PURSUANT TO RULE 26(c)(1)(A)**

# EXHIBIT C

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | |
|---|---|
| Special Markets Insurance Consultants, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 11-cv-9181 |
| Kent Lynch and Joanna Lynch a/k/a Joanna Bartley | ) |
| *Defendant* | ) (If the action is pending in another district, state where: |
| | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Brown & Brown, Inc - Legal Department
3101 W. Martin Luther King, Jr. Blvd., Suite 400, Tampa, FL 33607

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED SUBPOENA RIDER

| Place: Laduzinsky & Associates, P.C. 216 S. Jefferson Street, Suite 301 Chicago, Illinois 60661 | Date and Time: 03/09/2012 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___02/17/2012___

CLERK OF COURT

OR *Niel Goldsmith*

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
Special Markets Insurance Consultants, Inc. _____, who issues or requests this subpoena, are:
Neil S. Goldsmith (ngoldsmith@laduzinsky.com)
Laduzinsky & Associates, P.C., 216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661
(312) 424-0700

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  11-cv-9181

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Brown & Brown, Inc.

was received by me on *(date)*    02/17/2012 .

☑ I served the subpoena by delivering a copy to the named person as follows:    Brown & Brown, Inc.

3101 W. Martin Luther King, Jr. Blvd., Suite 400, Tampa, FL 33607, via certified mail return receipt requested

Receipt No. 7011 0470 0000 8694 7664                    on *(date)*    02/17/2012    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$           40.00                .

My fees are $                        for travel and $                        for services, for a total of $       0.00      .

I declare under penalty of perjury that this information is true.

Date:     02/17/2012

_____
*Server's signature*

Neil S. Goldsmith, Attorney
*Printed name and title*

216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Special Markets Insurance Consultants v. Lynch**
**Case No. 11-cv-9181**

To:    Brown & Brown, Inc.
        Legal Department
        3101 W. Martin Luther King, Jr. Blvd.
        Suite 400
        Tampa, FL 33607

## <u>SUBPOENA RIDER</u>

1. Any and all documents evidencing payments issued to Kent Lynch, Joanna Lynch 16005 4th St. E. Redington Beach, FL 33708-1636, Student Insurance Partners, Inc., Specialty Risk Underwriters, Inc. or Florida Student Athletic Network, LLC, including but not limited to cancelled checks, receipts, invoices, and payment vouchers for the paid period of January 1, 2009 to date.

2. Any and all documents showing the names of the insureds, whether brokers, individuals, entities, or otherwise, for which the payments referenced in Paragraph 1 were made.

3. An Affidavit certifying that your compliance with this Subpoena is true, accurate and complete.

### COMPLIANCE WITH SUBPOENA

The attached subpoena, by Federal law, requires you and/or your organization to produce your records on or before March 9, 2012 at the offices of Laduzinsky & Associates, P.C., 216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661.

        Deponent:    Brown & Brown, Inc.

        Re:    Kent and Joanna Lynch

Your actual appearance will be waived if the requested documents are mailed by certified or registered mail, or delivered to our offices three days prior to the date due or if you find that none are to be found and inform us so by that date.

Please sign and date this form and return it to us with your records and a copy of this subpoena. If the anticipated charge is more than the $40.00 enclosed, please contact Laduzinsky & Associates, P.C. prior to incurring any additional expense.

### AFFIDAVIT OF COMPLIANCE

The undersigned certifies under penalties of perjury as provided by law pursuant to 28 U.S.C. § 1746 that the statement checked below is true and correct. Check one:

(   )    After making a diligent search of all the records in our possession or control, I certify that the only records we have on the above are submitted herewith in response to this Subpoena.

(   )    After making a diligent search of any and all records, I certify there are no records to provide in response to this Subpoena.

Date: _____

                                    _____
                                      Signature

                                      _____
                                      Printed Name

                                        _____
                                      Title

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | .65 |
| Certified Fee | | 2.95 |
| Return Receipt Fee (Endorsement Required) | | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.95 |

Postmark Here

Sent To: Brown & Brown
Street, Apt. No.; or PO Box No. 3101 W. Martin Luther K...
City, State, ZIP+4 Tampa FL 33607

7011 0470 0000 8694 7664

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Brown & Brown
3101 W. Martin Luther King, Jr. Blvd.
Suite 400
Tampa, FL 33607

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ Jones ☐ Agent ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered  ☒ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)          7011 0470 0000 8694 7664

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused a true and correct copy of the attached **Proof of Service of Subpoena on Brown & Brown** to be served upon the following:

Daniel Boehnen
Sandra Weiss
Michael Baniak
McDonnell Boehnen Hulbert & Bergoff, LLP
300 South Wacker Drive
Chicago, Illinois 60606

via First Class Mail, postage prepaid, this 24th day of February 2012.

Steven M. Laduzinsky

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | |
|---|---|
| Special Markets Insurance Consultants, Inc. | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.    11-cv-9181 |
| | ) |
| Kent Lynch and Joanna Lynch a/k/a Joanna Bartley | )    (If the action is pending in another district, state where: |
| _Defendant_ | )              ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   K&K Insurance Group, Inc - Legal Department
1712 Magnavox Way, Fort Wayne, IN 46804

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   SEE ATTACHED SUBPOENA RIDER

| Place: Laduzinsky & Associates, P.C.<br>216 S. Jefferson Street, Suite 301<br>Chicago, Illinois 60661 | Date and Time:<br><br>03/09/2012 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/17/2012

| CLERK OF COURT | | |
|---|---|---|
| | OR | _Neil Goldsmith_ (signature) |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_     **Plaintiff**
Special Markets Insurance Consultants, Inc.               , who issues or requests this subpoena, are:
Neil S. Goldsmith (ngoldsmith@laduzinsky.com)
Laduzinsky & Associates, P.C., 216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661
(312) 424-0700

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-cv-9181

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   K&K Insurance Group, Inc

was received by me on *(date)*   02/17/2012   .

☑ I served the subpoena by delivering a copy to the named person as follows:   K&K Insurance Group, Inc

1712 Magnavox Way, Fort Wayne, IN 46804 via certified mail return receipt requested

Receipt No. 7011 0470 0000 8694 7596                     on *(date)*   02/17/2012   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$         40.00         .

My fees are $                 for travel and $                 for services, for a total of $         0.00         .

I declare under penalty of perjury that this information is true.

Date:   02/17/2012

_____
*Server's signature*

Neil S. Goldsmith, Attorney
*Printed name and title*

216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Special Markets Insurance Consultants v. Lynch**
**Case No. 11-cv-9181**

To:    K&K Insurance Group, Inc.
        Legal Department
        1712 Magnavox Way
        Fort Wayne, IN 46804

## SUBPOENA RIDER

1. Any and all documents evidencing payments issued to Kent Lynch, Joanna Lynch 16005 4th St. E. Redington Beach, FL 33708-1636, Student Insurance Partners, Inc., Specialty Risk Underwriters, Inc. or Florida Student Athletic Network, LLC, including but not limited to cancelled checks, receipts, invoices and payment vouchers for the paid period of January 1, 2009 to date.

2. Any and all documents showing the names of the insureds, whether brokers, individuals, entities, or otherwise, for which the payments referenced in Paragraph 1 were made.

3. An Affidavit certifying that your compliance with this Subpoena is true, accurate and complete.

## COMPLIANCE WITH SUBPOENA

The attached subpoena, by Federal law, requires you and/or your organization to produce your records on or before March 9, 2012 at the offices of Laduzinsky & Associates, P.C., 216 S. Jefferson Street, Suite 301, Chicago, Illinois 60661.

Deponent:    K&K Insurance Group, Inc.

Re:    Kent and Joanna Lynch

Your actual appearance will be waived if the requested documents are mailed by certified or registered mail, or delivered to our offices three days prior to the date due or if you find that none are to be found and inform us so by that date.

Please sign and date this form and return it to us with your records and a copy of this subpoena. If the anticipated charge is more than the $40.00 enclosed, please contact Laduzinsky & Associates, P.C. prior to incurring any additional expense.

## AFFIDAVIT OF COMPLIANCE

The undersigned certifies under penalties of perjury as provided by law pursuant to 28 U.S.C. § 1746 that the statement checked below is true and correct. Check one:

(  ) After making a diligent search of all the records in our possession or control, I certify that the only records we have on the above are submitted herewith in response to this Subpoena.

(  ) After making a diligent search of any and all records, I certify there are no records to provide in response to this Subpoena.

Date: _____

Signature _____

Printed Name _____

Title _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .05 |
| Certified Fee | 2.95 |
| Return Receipt Fee (Endorsement Required) | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.95 |

Postmark Here

Sent To
KEK Insurance Group Inc
Street, Apt. No.; or PO Box No.
1712 Magnavox
City, State, ZIP+4
Fort Wayne IN 46804

7011 0470 0000 8694 7596

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KEK Insurance Group Inc
1712 Magnavox Way
Fort Wayne, IN 46804

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
J. Stoffer                        2.21

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

FEB 21 2012 [postmark]

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7011 0470 0000 8694 7596

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused a true and correct copy of the attached **Proof of Service of Subpoena on K&K Insurance Group** to be served upon the following:

> Daniel Boehnen
> Sandra Weiss
> Michael Baniak
> McDonnell Boehnen Hulbert & Bergoff, LLP
> 300 South Wacker Drive
> Chicago, Illinois 60606

via First Class Mail, postage prepaid, this 24th day of February 2012.

Steven M. Laduzinsky



# Laduzinsky & Associates, P.C.
216 South Jefferson Street | Suite 301 | Chicago, IL 60661-5743
Phone: 312-424-0700 | Fax: 312-424-2646

Steven M. Laduzinsky
sladuzinsky@laduzinsky.com

February 28, 2012

**VIA E-MAIL AND FACSIMILE**

Mr. Christian Hines
McDonnell Boehnen Hulbert & Bergoff, LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

     Re:    Special Markets Insurance Consultants, Inc. v. Kent Lynch and Joanna Lynch
             Case No. 11-cv-9181

Dear Mr. Hines:

     I am writing in response to your letter dated February 27, 2012. We apologize that you did not receive notice of the subpoenas that were issued to Brown & Brown, Inc. and K & K Insurance Group, Inc. on February 17, 2012. According to our support staff, copies of those subpoenas were mailed to your office on February 17, 2012, prior to service of the Subpoenas on these entities. Subsequently, copies of the proof of service (U.S. Mail Certified Mail and Green Card Receipt) on Brown & Brown, Inc. and K & K Insurance Group, Inc. were mailed to your office on February 24, 2012.

     Again, we believe that the documents requested in the subpoenas to K & K Insurance Group, Inc. and Brown & Brown, Inc. are reasonable and will not cause undue burden or expense on either entity considering that the subpoena is limited to payments made after January 1, 2012. We are unaware of any rule of procedure that requires a party to seek documents exclusively from a party to the litigation Federal Rule of Civil Procedure 45 allows for the issuance and service of subpoenas on non-parties to obtain documents.

     If you have any questions whatsoever, please do not hesitate to contact me.

                         Very truly yours,

                         Steven M. Laduzinsky

cc:    J. Kim Walker