**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SPECIAL MARKETS INSURANCE | ) | |
| CONSULTANTS, INC., a Wisconsin | ) | |
| Corporation, | ) | Case No.: 2011 CV 09181 |
| | ) | |
| Plaintiff, | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| KENT LYNCH and JOANNA LYNCH a/k/a | ) | |
| JOANNA BARTLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO DEFENDANTS' MOTION TO QUASH SMIC'S THIRD-PARTY
SUBPOENAS PURSUANT TO RULE 45(c)(3) OR IN THE ALTERNATIVE FOR A
PROTECTIVE ORDER PURSUANT TO RULE 26(c)(1)(A)**

Plaintiff, Special Markets Insurance Consultants, Inc. ("SMIC"), by and through its

attorneys, Steven M. Laduzinsky and Neil S. Goldsmith, for its response to Defendant's Motion

to Quash SMIC's Third-Party Subpoenas pursuant to Rule 45(c)(3) or in the Alternative for a

Protective Order Pursuant to Rule 26(c)(1)(A), states as follows:

1. On December 27, 2011, SMIC filed a Complaint based upon allegations that

Defendants formed a competing business using SMIC's resources while still employed by

SMIC. The Complaint contains causes of action for breach of contract, breach of fiduciary

duty, misappropriation, conversion, civil conspiracy, and violations of the Illinois Trade Secrets

Act and federal Computer Fraud and Abuse Act. The Complaint seeks both monetary damages

and injunctive relief.

2. On or about February 16, 2012, SMIC issued subpoenas upon Verizon and Yahoo

("Subpoenas") to produce documents. Copies of these Subpoenas are attached as Exhibit A to

Defendants' Memorandum in Support of Their Motion to Quash. These subpoenas sought

Defendants' personal email and cell phone records in order to determine when they first took steps to set up a competing entity while under the employ of SMIC and what efforts they made to divert SMIC's business to their competing entity. The Subpoenas provided for a compliance date of March 9, 2012.

3.      On February 24, 2012, Defendants' counsel emailed SMIC's counsel a letter stating its objections to the Yahoo and Verizon subpoenas and requesting that they be withdrawn. A copy of this letter is attached as Exhibit B to Defendant's Memorandum in Support of their Motion to Quash. This letter contains no objections regarding the issuing court or prior notice of these subpoenas.

4.      On February 28, 2012, SMIC's counsel responded to the February 24th letter explained the reasons why the Yahoo and Verizon subpoenas were proper. A copy of this letter is attached as Exhibit B to Defendant's Memorandum in Support of their Motion to Quash.

5.      On March 2, 2012 Defendants filed a motion to quash the Yahoo and Verizon Subpoenas for the following reasons: (1) the Subpoenas are unduly burdensome, overbroad and seek confidential, privileged and irrelevant information; (2) the Yahoo Subpoena violates the Electronic Communications Privacy Act; (3) the Subpoenas were improperly issued from the wrong district court; and (4) SMIC failed to provide prior notice of the Subpoenas. This is the first time that SMIC's counsel was aware of any objections to the Yahoo or Verizon subpoenas based upon the issuing court or prior notice.

6.      On March 7, 2012 at 3:43 p.m., Defendants' counsel emailed a letter to SMIC's counsel regarding a similar objection to a subpoena served upon the School Board of Pinellas County and stating that the Motion to Quash would be supplemented to include this subpoena. *See* Exhibit 1.

7.      On March 7, 2012 at 3:48 p.m. SMIC's counsel advised Defendants' counsel that there was no need to supplement the Motion to quash this subpoena as it would be withdrawing all the subpoenas on the premise they were unintentionally issued from the Northern District of Illinois instead of the district court where the companies are located.   *See* Exhibit 1.

8.      Notwithstanding SMIC's counsel's representations that the subpoenas were being withdrawn, on March 8, 2012, Defendants' filed a Supplemental Memorandum to its Motion to Quash to include the School Board of Pinellas County subpoena.

9.      On March 8, 2012, SMIC's counsel mailed letters to both Verizon and Yahoo stating that the subpoenas were withdrawn and would be reissued at a later date. *See* Exhibits 2 and 3.

10.     On March 9, 2012, SMIC's counsel mailed a letter to the School Board of Pinellas County stating the subpoena was withdrawn and would reissued at a later date.  *See* Exhibit 4.

11.     As SMIC has already conceded withdrawal of the above referenced subpoenas, Defendants' Motion to Quash is moot.

12.     Notwithstanding, SMIC intends to issue new subpoenas to Verizon, Yahoo and the School Board of Pinellas County to resolve Defendants prior concerns regarding the district court in which issued the Subpoenas as well as the prior notice requirements, although SMIC disputes that notice was improper.

13.     A copy of the proposed subpoenas upon Verizon, Yahoo and the School Board of Pinellas County are attached as Exhibit 5, 6 and 7 hereto.  This shall constitute prior notice to the Defendants under Rule 45(b)(1).

14.     As SMIC expects that Defendants will continue its objection to the scope of the documents requested in these subpoenas, SMIC submits the following argument in response to

3

Defendants' position that production of the requested documents would be unduly burdensome, overbroad, seek confidential, privileged and irrelevant information, and violate the Electronic Communications Privacy Act.

## ARGUMENT

### 1. Defendants do not have standing to object to third-party subpoenas on the grounds of undue burden.

Although Defendants contend that the production of the requested documents would constitute an undue burden upon Yahoo, Verizon and the School Board of Pinellas County and subject them to annoyance, embarrassment and oppression, Defendants do not have standing to object to third-party subpoenas on this basis. Only the persons to whom the subpoena is directed, in this case Yahoo, Verizon and School Board of Pinellas County, have standing to complain that a subpoena is burdensome or overbroad. *See Biedrzycki v. Town of Cicero*, 2005 U.S. Dist. LEXIS 16423, *9 (N.D. Ill. 2005) (defendant did not have standing to object to third-party subpoena on the grounds of undue burden); *See also Kessel v. Cook County*, 2002 U.S. Dist. LEXIS 4185, 2002 WL 398506 at *2 (N.D. Ill. 2002) ( a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought). Thus, Defendants have no standing to quash the subpoenas based upon the undue burden, annoyance, embarrassment or oppression of Yahoo, Verizon or the School Board of Pinellas County. Moreover, Defendants have failed to articulate how the production of the requested documents would impose undue burden, annoyance, embarrassment or oppression upon Yahoo, Verizon or the School Board of Pinellas County even if they had standing to object to the same.

      **2.**      **The subpoenas do not seek information which is irrelevant, confidential or privileged.**

While Defendants conclude that the requested documents are irrelevant, they fail to provide any argument in support of this position. Nevertheless, the request for Defendants' email records from Yahoo and cell phone records from Verizon is unquestionably relevant to their attempts to set up a competing business using SMIC resources and while employed by SMIC. SMIC has reason to believe that Defendants used private Yahoo email accounts and Verizon cell phones to communicate with SMIC clients and other individuals regarding the formation of a competing entity. Thus, it is necessary that SMIC obtain documentation to support this conduct and identify the date, recipients and, in the case of Yahoo emails, the contents of such communications (the subpoena upon Verizon only requests message unit details, which is limited to the date, time, origin and recipient and was previously articulated in SMIC's February 28th letter). While SMIC does not dispute that the production of the requested documents from Yahoo and Verizon may encompass some communications which are irrelevant to the allegations in the Complaint, there is simply no possible means to limit these requests in such a way which would allow Yahoo or Verizon to discern what information is relevant and what is not, as SMIC does not know the identities of the recipients or the dates and times of the communications.

Moreover, Joanna Lynch's post-termination communications conduct are relevant despite the alleged absence of non-compete agreement, as, Joanna Lynch is the wife of co-defendant Kent Lynch, who does have a non-compete agreement with SMIC. SMIC believes that Kent may circumvent his obligations under the non-compete agreement by using his wife's Yahoo account to communicate with SMIC's clients. Further, Defendants' concerns that SMIC will

use the requested information for its own business purposes is belied by the previously entered Protective Order, which governs the protection of such information.

Finally, Defendants argue that the document production may include information which is subject to the attorney-client and work product privileges. As stated above, SMIC and Defendants have already entered into a Protective Order which governs the production of such information. Furthermore, SMIC will agree to allow Defendants the first opportunity to review any document production in response to these subpoenas and redact any information which is deemed to be protected by the attorney-client or work product privileges.

### 3. The Yahoo Subpoena does not violate the Electronic Communications Privacy Act.

Finally, Defendants contend that the Yahoo Subpoena violates Section 2702(a)(1) of Electronic Communications Privacy Act ("ECPA"), which "prohibits an electronic communication service . . . from . . . knowingly divulging to any person or entity, the contents of customers' electronic communications." 18 U.S.C. §2702(a)(1). However, Defendants have failed to prove that Yahoo is an "electronic communication service" under the Act. An "electronic communication service" is any service which provides to users thereof the ability to send or receive wire or electronic communications. 18 U.S.C. §2510(15). In construing this definition, courts have distinguished those entities that sell access to the internet from those that merely sell goods or services on the internet. *Dyer v. Northwest Airlines, Inc.,* 334 F.2d 1196, 1198 (D.N.D. 2004). Defendants concede that an "electronic communication service only encompasses "internet service providers as well as telecommunication companies whose lines carry internet traffic." In *Dyer*, which was cited in Defendants' Motion to Quash, the Court held a "provider" under the ECPA is commonly referred to as an internet service provider or ISP, and

that plaintiff failed to provide any evidence that establish that Northwest Airlines provides internet service. *Id.*

Similarly, Defendants have failed to provide any evidence that Yahoo is an internet service provider or a carrier of internet traffic, as opposed a company that merely provides goods or services on the internet. Thus, Defendants have not met their burden in showing that the contents of their Yahoo emails are protected from disclosure under the ECPA.

WHEREFORE, Plaintiff, Special Markets Insurance Consultants, Inc. respectfully requests that this Honorable Court deny Defendants' Motion to Quash SMIC's Third-Party Subpoenas or in the Alternative for a Protective Order Pursuant to Rule 26(c)(1)(A) and grant any other relief this Court deems to be just and proper.


Dated: March 9, 2012



Respectfully submitted,

**SPECIAL MARKETS INSURANCE CONSULTANTS, INC.**


By: /s/ Steven M. Laduzinsky _____
       One of its attorneys

Steven M. Laduzinsky (Lead Counsel)
Neil S. Goldsmith
Laduzinsky & Associates, P.C.
216 S. Jefferson St., Ste. 301
Chicago, IL 60661
sladuzinsky@laduzinsky.com
ngoldsmith@laduzinsky.com
(312) 424-0700 (p)
(312) 424-2646 (f)