UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| SPECIAL MARKETS INSURANCE CONSULTANTS, INC., a Wisconsin Corporation | ) ) ) ) | Case No. 11 C 9181 |
|---|---|---|
| Plaintiff, | ) ) | Judge Sharon Johnson Coleman |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| KENT LYNCH and JOANNA LYNCH a/k/a JOANNA BARTLEY, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

Before the court is Defendants' Renewed Motion to Quash SMIC's Third-Party Subpoenas Pursuant to Rule 45(c)(3) or in the Alternative for a Protective Order Pursuant to Rule 26(c)(A)(1). [Dkt 58.] For the reasons stated below, the motion is granted. The subpoenas are quashed and the subpoena recipients, Verizon Wireless and Yahoo, Inc., are ordered not to comply with them.

### BACKGROUND

Special Markets Insurance Consultants, Inc. ("SMIC") alleges that defendants Kent Lynch and Joanna Lynch (collectively, "the Lynches") breached employment contracts and other duties by forming competing entities while they were still employed by SMIC. (Compl. ¶ 2.) [Dkt 1.]

In March 2012, SMIC "served" subpoenas on Verizon Wireless and Yahoo, Inc. (Pl.'s

1

Resp., Ex. A ("Verizon Subpoena") and B ("Yahoo Subpoena").) [Dkt 72-1.][1] The subpoena to Yahoo requires that company to produce, *inter alia*, for each of at least three private e-mail addresses owned by the Lynches:

> [T]he complete e-mail records, including electronic messages, e-mail contents, and any attachments to any email, which was sent from or received by any account holders identified in Paragraph 1 above from September 1, 2010 to date.
>
> [and]
>
> . . . [A] list of all contacts, or any information stored in any 'contacts' folder or similar directory or subdirectory."

(Yahoo Subpoena.)[2]

The subpoena to Verizon requires the company to produce information for all telephone numbers "associated with" Joanna Lynch or Kent Lynch including, but not limited to, three specific telephone numbers, and for each number provide all incoming and outgoing voice and text message unit details from January 1, 2012 to the present. (Verizon Subpoena.) SMIC states that after the

---

[1] "Served" is in quotation marks because, as a threshold matter, the subpoenas were not properly served. The subpoenas were apparently only dropped in the mail with certified mail return receipt requested. Federal Rule of Civil Procedure 45(b)(1) requires *delivering* a copy to the named person. Certified mail is not sufficient. Rule 45(b)(4) reinforces that conclusion. That subsection states: "Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." Fed. R. Civ. P. 45(b)(4). The "Proof of Service" attached to the subpoenas in this case shows only that the attorney dropped the subpoenas in the mail. It does not show that he delivered them or when they were received. The requirements of Rule 45(b) are in contrast to the ways papers are to be served upon the parties to the lawsuit, as set out in Rule 5(b). The requirement that a subpoena – which, after all may be enforced by the contempt power of the court – must be delivered to the recipient is appropriate because the recipient is not a party to the lawsuit and may be completely unaware of the existence of the lawsuit. But insufficient service is only one, and not the most serious, problem with these subpoenas.

[2] Apparently there were earlier versions of those subpoenas that have been withdrawn. (*See* Order, March 26, 2012.) [Dkt. 55.]

initial hearing before this court, it offered to limit the Verizon subpoena to message unit details and text message details from January 1, 2012 to the present for the two telephone numbers that were maintained and paid for by SMIC. (Pl.'s Resp. Ex. D.)

The Lynches have now moved to quash the subpoena or for a protective order, and SMIC has filed a response to that motion.

## DISCUSSION

I.  Standing

SMIC agues that the Lynches do not have standing to move to quash the subpoenas. Federal Rule of Civil Procedure 45(c)(3) requires a court to quash or modify a subpoena that:

> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

SMIC argues that the Lynches do not have standing to argue that the subpoenas constitute an undue burden, annoyance, embarrassment or oppression to Yahoo and Verizon. (Pl.'s Resp. at 2.) Of course, that is not the issue here. The Lynches are moving to quash because they believe that the subpoenas are an undue burden, oppressive and embarrassing to *them*. (Deft.'s Mot. at 4.)

The Lynches have standing to move to quash under Rule 45(c)(3). Notably, subsection (c)(3)(iv) refers to undue burden on "a person." It is not limited to the person receiving the subpoena. *Compare* Fed. R. Civ. P. 45(c)(1) (referring to "undue burden or expense on a person subject to the subpoena."). Also, Rule 45(b) requires a party serving a subpoena for the production of documents before trial to serve a notice on each other party before the subpoena is served. "The purpose of such notice is to afford other parties an opportunity to object to the production or

3

inspection, or to serve a demand for additional documents or things." Fed. R. Civ. P. 45(b) advisory comm. nn. (1991) Even one of the cases cited by the SMIC observes that a party has standing to object to a subpoena where the party claims personal rights or privilege in the documents sought, as the Lynches do here. *Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506 * 2 (N.D. Ill. Mar. 14, 2002); *see also J.T. Shannon Lumber Co., Inc. v. Gilco Limber,* Inc., No. 07 C 119, 2008 WL 3833216 (N.D. Miss. Aug. 14, 2008) (holding that a party has standing to object to a subpoena to Microsoft Corporation and Yahoo seeking the party's personal documents and details of their e-mail accounts).

The Lynches also have standing under Federal Rule of Civil Procedure 26(c)(1), which allows a court to issue an order for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.

II.     The Stored Communications Act

The Lynches argue – correctly – that the subpoenas violate the Stored Communications Act ("SCA"), 18 U.S.C.§ 2701 *et seq.*, which states that an entity providing an "electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service . . . ." 18 U.S.C. § 2702(a)(1). The SCA contains several enumerated exceptions to that prohibition, but a civil subpoena is not among them. *See* 18 U.S.C. § 2702(b).

Other courts have quashed similar subpoenas on the basis that the SCA forbids an e-mail provider from producing its customers' personal e-mails in a civil case. *J.T. Shannon Lumber Co.,*, 2008 WL 3833216; *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 609-10 (E.D.

4

Va. 2008); *Chasten v. Franklin*, No. C10-80205 MISC JW (HRL), 2010 WL 4065606 at *2 (N.D. Cal. Oct. 14, 2010); *see also Bower v. Bower*, 808 F. Supp. 2d 348, 349-50 (D. Mass. 2011) (denying motion to compel on the same grounds). The purpose of the SCA is to create a "zone of privacy to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by 'unauthorized private parties.'" *In re Subpoena Duces Tecum to AOL*, 550 F. Supp. 2d at 610 (citing Sen. Rpt. No. 99-541 at 3 (1986)). That rationale applies equally to the text messages communicated through Verizon's services and technology. Allowing subpoenas like the ones here would eviscerate the SCA's purpose.

SMIC's sole argument in response is that the Lynches have not shown that Yahoo is an "electronic communication service." That argument is frivolous; the plain text of the statute defines an electronic communication service as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). Congress intended the SCA to cover e-mail providers. *See* Sen. Rpt. No. 99-541, at 14 (1986) ("Existing telephone companies and electronic mail companies are providers of electronic communication services.").

The cases cited by the parties and those located by this court's research have consistently held that Yahoo, AOL, and similar services are, indeed, the "electronic communication services" contemplated by the SCA. *See, e.g.*, *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 980 (C.D. Cal. 2010) (stating that sites providing private messaging or email services qualify as electronic communication services); *Bower*, 808 F. Supp. 2d at 349 (uncontested that Yahoo is an electronic communications service subject to the SCA); *J.T. Shannon Lumber Co.*, 2008 WL 3833216 at * 2 (stating that "[t]he statutory language is clear and unambiguous"); *In re Subpoena Duces Tecum to AOL*, 550 F. Supp. 2d at 609 (holding that "[t]he plain language of the Privacy Act

5

prohibits AOL from producing the Rigsbys' e-mails").[3]

To support its subpoenas, SMIC cites a single case, *Dyer v. Northwest Airlines Corp.*, 334 F. Supp. 2d 1196, 1199 (D.N.D. 2004), that is not on point. The court there held that an airline selling tickets through its website did not meet the definition of an electronic communication service because that definition encompasses "internet service providers as well as telecommunications companies whose lines carry internet traffic, but [not] businesses selling traditional products or services online." *Id.* That is not the circumstance here.

III. <u>Scope of the subpoenas</u>

Finally, even if the subpoenas were not prohibited by the SCA, the court would enter a protective order under Rule 26(c). The scope of the subpoenas is grossly overbroad, encompassing all the content of the Lynches' e-mail on their personal accounts for a year-and-a half, and all text messages since January 2012. SMIC attempts to justify the subpoenas by arguing that it has e-mails showing that the Lynches used their personal e-mail accounts to communicate to clients and competitors, and that the Lynches forwarded confidential SMIC documents to their personal e-mail. (Pl.'s Resp. at 3.) While arguing that its subpoenas are "narrowly tailored," SMIC acknowledges their overbreadth:

> SMIC does not dispute that the production of the requested documents from Yahoo and Verizon may include some irrelevant, personal communications, there is simply

---

[3] The distinction between "remote computing service" and "electronic communication service" may be relevant to whether a government entity can invoke the exception in 18 U.S.C. § 2702(b)(2) and § 2703. *See U.S. v. Weaver*, 636 F. Supp. 2d 769, 772-73 (C.D. Ill. 2009). It is not relevant here. Whether Yahoo provides a "remote computing service" or an "electronic communication service," it is prohibited under 18 U.S.C. 2702(a) (1) and (2) from responding to SMIC's subpoena in this case.

6

> no logical means to limit these requests in a way that would allow Yahoo or Verizon to identify what information is relevant and what is not.

*Id.* at 3-4.

The fact that SMIC's subpoenas are almost certain to produce many irrelevant personal communications as well as privileged communications is not, however, a justification for allowing them. Discovery must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A subpoena for everything on an e-mail account and all text messages is not "reasonably calculated."

SMIC has other means to obtain e-mail or text messages that are relevant and within the scope of discovery. SMIC can serve document requests on the Lynches, which under Federal Rule of Civil Procedure 34 may require the production of electronically stored information, including e-mail and text messages.

SMIC notes that it is willing to limit its subpoena to Verizon to text messages and information about phone numbers for accounts that SMIC paid for and were used by the Lynches while they were employed by SMIC. (Pl.'s Resp. at 3 n. 1 and Ex. D.) The fact that an employer provided the communication technology may not, however, eliminate any privacy interest the employees may have in the content of their text messages, as the Supreme Court has observed.

> Rapid changes in the dynamics of communication and information transmission are evident not just in the technology itself but in what society accepts as proper behavior. As one *amici* brief notes, many employers expect or at least tolerate personal use of such equipment by employees because it often increases worker efficiency.

*City of Ontario v. Quon*, _____ U.S. ____, 130 S. Ct. 2619, 2629-630 (2010) (assuming *arguendo* that an employee has a reasonable expectation of privacy in the text messages sent on the employer-

7

provided pager). Although *Quon* involved a somewhat different issue (a Fourth Amendment claim by the employee), that opinion teaches that the parameters of potential privacy rights in technology are evolving. This is an area that requires careful consideration of the factual situation. SMIC's dragnet subpoenas are not consistent with the Supreme Court's measured approach to the subject.

Here, the subpoenas expose the Lynches to the annoyance and embarrassment of having their personal and potentially privileged communications disclosed. SMIC's offer to allow the Lynches to review the production first is not sufficient to mitigate the undue burden imposed by these overbroad subpoenas.

IV.  Payment of expenses under Rule 26(c)(3), and Rule 37(a)(5)(A)

Rule 37(a)(5)(A) provides that a court that grants a motion related to discovery must award the movant's reasonable expenses, including attorney's fees incurred in making the motion, unless the motion was made before attempting to resolve the issue without court action, the opposing party's response was substantially justified or other circumstances make an award of expenses unjust. Rule 26(c)(3) applies that rule to a motion for a protective order. In either case, the losing party must be given an opportunity be heard on why expenses should not be ordered.

Here, SMIC, in opposing the motion and insisting on compliance with its subpoenas, has ignored both the express text of the SCA and prior case law interpreting it. Its citation of *Dyer v. Northwest Airlines* is plainly inapt. The subpoenas SMIC issued were overbroad, as it effectively acknowledged, and failed to reflect any of the considerations of privacy interest described by the Supreme Court in *Quon*, an opinion now almost two years old.

Accordingly, SMIC shall file a submission no later than May 17, 2012, setting out all reasons

why the court should not award the Lynches their expenses, including attorneys' fees, incurred in bringing the motion.

## CONCLUSION

For the foregoing reasons, the Lynches' motion to quash the subpoenas to Yahoo and Verizon Wireless is granted. Those companies are ordered not to comply with the subpoenas. SMIC shall file a submission no later than May 17, 2012, setting out all reasons why the court should not award the Lynches their expenses, including attorneys' fees, incurred in bringing the motion.

**IT IS SO ORDERED.**

Geraldine Soat Brown
United States Magistrate Judge

**DATED: May 2, 2012**